FILED
IN OPEN COURT

NOV 1 ก 2025

CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:25-cr- 76 |
| | ) | |
| v. | ) | 18 U.S.C. §§ 1344 and 2 |
| | ) | Bank Fraud |
| SULAYMAAN ISHAAQ ABDUL AL-KARRIEM, | ) | (Count 1-2) |
| (Counts 1-11) | ) | |
| | ) | 18 U.S.C. §§ 513(a) and 2 |
| Defendants. | ) | Making, Uttering, and Possessing Forged Securities of a Private Entity (Counts 3-4) |
| | ) | |
| | ) | 18 U.S.C. §§ 1957 and 2 Engaging in a Monetary Transaction in Criminally Derived Property (Counts 5-11) |
| | ) | |
| | ) | 18 U.S.C. §§ 492, 981(a)(1)(C), and 982(a)(2)(A); 28 U.S.C. § 2461(c) Criminal Forfeiture |

INDICTMENT

November 2025 Term – at Newport News, Virginia

THE GRAND JURY CHARGES THAT:

GENERAL ALLEGATIONS

At all times relevant to the Indictment, unless otherwise stated:

1.    SULAYMAAN ISHAAQ ABDUL AL-KARRIEM, the defendant herein, was a resident of Richmond, Virginia.

2.    The defendant and PERSON 1 owned and operated MYSELFIES, LLC, which was a business located at ** West Broad Street in Richmond, Virginia. MYSELFIES, LLC, marketed itself as offering the "ultimate selfie experience" with "themed photo booths, art exhibitions, and [as] a versatile event space for celebrations of all kinds." The defendant and PERSON 1 formed

MYSELFIES, LLC, with the Virginia State Corporation Commission on or about September 27, 2021. The defendant subsequently applied for reinstatement of MYSELFIES, LLC, on or about June 27, 2023, and listed his title as "owner."

3.      In or about January and February 2022, the defendant and PERSON 1 opened a business bank account (last four digits 2951) at JP Morgan Chase Bank in the name of MYSELFES, LLC.  Both the defendant and PERSON 1 signed the signature card as the "Members" of MYSELFIES, LLC.

4.      On or about May 4, 2024, PERSON 1 passed away.

### Check Fraud

5.      On or about August 3, 2023, a forged check in the amount of $205,498.41 that was drawn against the Santander Bank, N.A., business bank account (last four digits 6853) of Merkel Rebar, Inc, of Boyertown, Pennsylvania, was deposited by automated teller machine (ATM) into the business JP Morgan Chase bank account (last four digits 2951) of MYSELFIES, LLC.

6.      Merkel Rebar, Inc., is a construction business based in Boyertown, Pennsylvania, that operates in and affects interstate and foreign commerce, as defined in Title 18, United States Code, Section 513(b)(4).

7.      In or about August 2023, the defendant, aided by others known and unknown, made 19 cash withdrawals totaling $178,000.00 of proceeds of the check fraud.  During the same period, the defendant, aided by others known and unknown, made additional purchases totaling approximately $36,474.66.

8.      On or about December 4, 2023, a forged check in the amount of $89,266.38 that was drawn against the TowneBank business bank account (last four digits 1124) of Williamsburg - James City County (WJCC) Public Schools was deposited by ATM into the JP Morgan Chase business bank account (last four digits 2951) of MYSELFIES, LLC.

9.    The issuing bank for WJCC Public Schools froze the forged check in the amount $89,266.38 before any purchases could be made or proceeds withdrawn.

10.    WJCC Public Schools is a joint public school division operated by both the City of Williamsburg and James City County. It is an educational entity in Virginia that was formed in 1955 through an agreement between the two localities. The school division is governed by a seven-member school board and overseen by a single superintendent and central office administration.  WJCC operates in and affects interstate and foreign commerce, as defined by Title 18, United States Code, Section 513(b)(4).

11.    Santander Bank, N.A., JP Morgan Chase, and TowneBank are financial institutions, as defined in Title 18, United States Code, Section 20, because their accounts are insured by the Federal Deposit Insurance Act.

## SCHEME AND ARTIFICE

12.    From in or about at least August 2023 through in or about December 2023, the defendant and others, known and unknown, created a scheme and artifice to defraud and obtain money and property under the custody and control of financial institutions by negotiating forged checks.

13.    It was further part of the scheme and artifice that the defendant and others, known and unknown, stole checks drawn against the business accounts of businesses such as Merkel Rebar, Inc., and WJCC.

14.    It was further part of the scheme and artifice that the defendant and others, known and unknown, altered the stolen checks to make them payable to MYSELFIES, LLC.

15.    It was further part of the scheme and artifice that the defendant and others, known and unknown, negotiated the forged checks at JP Morgan Chase in the business bank account of MYSELFIES, LLC.

3

4

16.    It was further part of the scheme and artifice that the defendant and others, known and unknown, defrauded JP Morgan Chase by negotiating a forged instrument and obtained and attempted to obtain moneys, funds, credits, assets, and securities of the banks that issued the checks such as Santander and TowneBank.

## COUNTS ONE AND TWO
### (Bank Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

1.      The factual allegations contained in the General Allegations and Scheme and Artifice sections are incorporated herein by reference as if set out in full.

2.      From at least August 2023 and continuing through in or about December 2023, in the Eastern District of Virginia, SULAYMAAN ISHAAQ ABDUL AL-KARRIEM, the defendant herein, aided and abetted by others known and unknown, knowingly and intentionally executed and attempted to execute the aforesaid scheme and artifice to defraud and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of JP Morgan Chase Bank, Santander Bank, N.A., and TowneBank, which qualify as financial institutions under Title 18 United States Code, Section 20, executed each transaction described below for the approximate amount as indicated, by means of materially false and fraudulent pretenses, representations, and promises, and caused the same, each transaction being a separate count as indicated:

| COUNT | DATE (on or about) | TRANSACTION | AMOUNT |
|---|---|---|---|
| 1 | August 3, 2023 | Negotiation of forged check in the business bank account of MYSELFIES, LLC | $205,498.41 |
| 2 | December 1, 2023 | Negotiation of forged check in the business bank account of MYSELFIES, LLC | $89,266.38 |

(In violation of Tile 18, United States Code, Sections 1344 and 2.)

## COUNTS THREE AND FOUR
### (Making, Uttering, and Possessing Forged Securities of a Private Entity)

THE GRAND JURY FURTHER CHARGES THAT:

1.      The factual allegations set forth in the General Allegations are incorporated herein as if set out in full.

2.      On or about the dates and in the manner set forth below, in the Eastern District of Virginia, SULAYMAAN ISHAAQ ABDUL AL-KARRIEM the defendant herein, aided and abetted by others known and unknown, and along with other conspirators known and unknown to the Grand Jury, did knowingly make, utter, and possess forged securities of private entities, with intent to deceive other private organizations.

| Count | Date (on or about) | Description of Forged Security |
|---|---|---|
| 3 | August 3, 2023 | A forged check issued by Merkel Rebar, Inc., altered to be made payable to MYSELFIES, LLC, in the amount of $205,498.41. |
| 4 | December 1, 2023 | A forged check issued by Williamsburg-James City County Public Schools altered to be made payable to MYSELFIES, LLC, in the amount of $89,266.38. |

(In violation of Title 18, United States Code, Sections 513(a) and 2.)

## COUNTS FIVE THROUGH ELEVEN
(Engaging in Monetary Transactions in Criminally Derived Proceeds)

THE GRAND JURY FURTHER CHARGES THAT:

1.    The factual allegations contained in the General Allegations section are incorporated herein by reference as if set out in full.

2.    On or about the following dates and in the manner described below, in the Eastern District of Virginia and elsewhere, SULAYMAAN ISHAAQ ABDUL AL-KARRIEM, the defendants herein, aided and abetted by others, did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution (as defined in 18 U.S.C. § 1956(c)(6), affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, proceeds from the foregoing check fraud, such property having been derived from a specified unlawful activity, that is bank fraud (18 U.S.C. § 1344).

| Count | Date (on or about) | Financial Transaction |
|---|---|---|
| 5 | August 12, 2023 | Currency withdrawal of $15,000.00 |
| 6 | August 12, 2023 | Currency withdrawal of $15,000.00 |
| 7 | August 14, 2023 | Currency withdrawal of $12,000.00 |
| 8 | August 14, 2023 | Currency withdrawal of $18,000.00 |
| 9 | August 15, 2023 | Currency withdrawal of $12,000.00 |
| 10 | August 15, 2023 | Currency withdrawal of $22,000.00 |
| 11 | August 15, 2023 | Currency withdrawal of $22,000.00 |

(In violation of Title 18, United States Code, Sections 1957 and 2.)

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1.      The defendant, if convicted of either of the violations alleged in Counts 1 and 2 of this Indictment, shall forfeit to the United States, as part of sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the violation.

2.      The defendant, if convicted of either of the violations alleged in Counts 3 and 4 of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

      a.  Any property, real or personal, which constitutes or is derived from proceeds traceable to the violation; and

      b.  All counterfeits of coins or obligations or other securities of the United States or of any foreign government, or any articles, devices, and other things made, possessed, or used in violation, or any material or apparatus used or fitted or intended to be used, in making of such counterfeits, articles, devices or things, found in the possession of any person without authority from the Secretary of the Treasury or other proper officer.

3.      The defendant, if convicted of any of the violations alleged in Counts 5 through 11 of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, involved in the violation, and any property traceable to such property.

4.      If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e.).

(In accordance with Title 18, United States Code, Sections 492, 981(a)(1)(C), 982(a)(1), 982(a)(2)(A); and Title 28, United States Code, Section 2461(c).)

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

UNITED STATES v. SULAYMAAN ISHAAQ ABDUL AL-KARRIEM
4:25-cr- 76

A TRUE BILL:

**REDACTED COPY**

_____
F O R E P E R S O N

Lindsey Halligan
United States Attorney

By:    _____
D. Mack Coleman
Assistant United States Attorneys
Eastern District of Virginia
One City Center
11815 Fountain Way, Suite 200
Newport News, Virginia 23606
Phone: (757) 591-4000
Fax:    (757) 591-0866
Email:  mack.coleman@usdoj.gov